IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN SCOTT WARD,

        Petitioner,

    vs.

CIVIL ACTION
No. 10-3047-RDR

COL. ERIC BELCHER[1], Commandant,
USDB-Leavenworth,

        Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 by a prisoner at the United States Disciplinary Barracks, Fort Leavenworth, Kansas (USDB).

Petitioner is incarcerated following his conviction, pursuant to a guilty plea, of offenses related to child pornography, indecent conduct, and disorderly conduct. Pursuant to USDB policy, he has been denied any contact, including written and telephonic communication, with his children. He

---

[1] The court notes that Col. Eric Belcher is currently the Commandant of the United States Disciplinary Barracks. The court finds, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, that Col. Belcher is the proper respondent. The clerk of the court is directed to note such substitution on the record.

challenges this policy.

Three motions are pending before the court, namely, petitioner's motion to hold the petition in abeyance (Doc. 9), his motion to amend and supplement (Doc. 15), and his renewed motion for the appointment of counsel (Doc. 16).

Petitioner sought to hold this matter in abeyance during his pursuit of administrative remedies. Because petitioner now states that he has exhausted all administrative avenues (Doc. 26, p. 4, ¶ 2), the court concludes the motion may be denied as moot.

Petitioner also moves for leave to amend and supplement the petition and for the appointment of counsel. Generally, a petition for habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15 of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Respondent opposes the motion to amend or supplement and, in support, cites the fact that in late November 2010, petitioner was granted permission for limited, monitored written contact with his children. Petitioner, however, points to

2

claims concerning the remaining restrictions on contact with his children that have not been resolved.

There is no constitutional right to the appointment of counsel in a federal habeas corpus action. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the discretion of the court. *Swazo v. Wyoming Dep't. of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). See also 18 U.S.C. §3006A(a)(2)(B)(the court may appoint counsel in action under § 2241 where "the interests of justice so require").

In deciding whether to appoint counsel in a civil action, the court should consider "the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir. 1991).

After reviewing the record, the court finds first, that unresolved claims remain, and second, that the issues presented here are novel and complex. While the petitioner is articulate, the court finds that the appointment of counsel will assist in the resolution of this matter.

Therefore, the court will appoint Melody Evans to represent petitioner and will allow a period of 45 days for counsel to

review and, if necessary, amend the petition.  Thereafter, if additional pleadings have been filed, counsel for respondent will have 30 days to file a response.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for leave to hold this matter in abeyance (Doc. 9) is denied as moot.

IT IS FURTHER ORDERED petitioner's motion to amend and supplement (Doc. 15) and motion for appointment of counsel (Doc. 16) are granted.

IT IS FURTHER ORDERED Melody Evans is appointed to represent the petitioner and is granted 45 days to review the record and, if necessary, to amend the petition.

Copies of this Memorandum and Order shall be transmitted to the parties.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 4th day of March, 2011.


S/ Richard D. Rogers
RICHARD D. ROGERS
United States Senior District Judge