IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN SCOTT WARD,

                Petitioner,

     v.                                               CASE NO. 10-3047-RDR

ERIC BELCHER,

                Respondent.

MEMORANDUM AND ORDER

    This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner commenced this matter while incarcerated in the United States Disciplinary Barracks, Fort Leavenworth, Kansas ("USDB").

    The matter now comes before the court on the motion of respondent to dismiss this matter as moot (Doc. 39), and the motion of Charles W. Gittins to appear *pro hac vice* and as co-counsel in this matter without sponsorship (Doc. 41).

**Background**

    Petitioner was incarcerated pursuant to his guilty plea of conduct including the possession of child pornography, indecent conduct with a minor, and disorderly conduct. The minor victim was petitioner's stepdaughter, the child of his second wife. Contact with the victim is not at issue in this matter, and all references

to the children hereafter refer to the daughter and son born during petitioner's first marriage.

Petitioner initially was confined at the U.S. Naval Brig, Pensacola, Florida, and during his confinement there he had communication with the children by mail, telephone, and personal visits.

Following his reception at the USDB in September 2005, officials advised him that he was subject to USDB Command Policy Letter #03-26, *Sexual Offenders Contact with Minor Children*. This policy provides, in part, "those who have been convicted of a criminal offense that involved sexual contact with children pose some level of risk for re-offending even after completion of treatment and will not be allowed to have contact, either written, telephonic or in person with minor children." (Doc. 6, Att. F., Ex. B, ¶ 4.) As a result of this policy, petitioner was unable to have any type of contact with the children, although they were not involved in his criminal conduct, and their mother, the custodial parent, did not object to their having contact with the petitioner. A mental health evaluation of the children in May 2006 was favorable.

Petitioner pursued an exception or waiver from the policy by administrative channels at the USDB, and he also presented his complaint concerning the no-contact rule in a *Grostefon*[1] brief in

---

[1] *U.S. v. Grostefon*, 12 M.J. 431 (C.M.A.1982)(allowing a petitioner to personally present claims before the courts of military review even if counsel declines to raise them elsewhere).

2

his direct appeal before the Navy-Marine Corps Court of Criminal Appeals.

Petitioner commenced this action in March 2010. The matter was held in abeyance to allow him to exhaust available military remedies.

In November 2010, petitioner completed a 35-week sex offender course at the USDB, and he received a favorable evaluation concerning communication with his children. The USDB then issued permission allowing petitioner limited written communication with the children.

In March 2011, the court appointed counsel to assist petitioner and allowed the filing of an amended petition. That petition was filed in April 2011, and petitioner personally filed a supplement to the amended petition in May 2011. Respondent filed a response to the amended petition on July 5, 2011.

On July 10, 2011, Petitioner was released from the USDB and placed on Mandatory Supervised Release ("MSR"). Under the MSR agreement, petitioner is allowed contact with children, including his own children, only where that contact is monitored by a probation officer and treatment provider. Petitioner's present custody status on MSR was granted by the Secretary of the Navy, and, in turn, the current terms and conditions of his supervised release are governed not by the USDB but by the Secretary of the Navy through the Naval Parole and Clemency Board ("NPCB"). (Doc. 45, p. 2.)

**Discussion**

3

It is well-settled that "[a] habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of The Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998)(citing *Spencer v. Kemna*, 523 U.S. 1 (1998)). This requirement exists at all stages of litigation. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "A case, although live at the start, becomes moot when intervening acts destroy a party's legally cognizable interest in the outcome of adjudication.... In such a case, Article III would deprive the federal courts of jurisdiction over that party's claim." *Tandy v. City of Wichita*, 380 F.3d 1277, 1290 (10th Cir. 2004).

The case-or-controversy limitation lies at the core of both standing and mootness jurisprudence. *Friends of the Earth v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180 (2000). A case becomes moot when a petitioner no longer suffers an "actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *Green v. Haskell County Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009).

Nevertheless, a claim which is made moot by intervening circumstances may survive dismissal if the allegedly unlawful act is "capable of repetition yet evading review." *Spencer*, 523 at 17. Such a claim will be recognized only in exceptional circumstances. *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). Generally, the exception is available only where two criteria are met, namely, "'(1) the challenged action was in its duration too short to be

fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.'" *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)(quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)).

This matter has been capably briefed by the parties, and the court is persuaded that it presents a significant constitutional question, namely, whether a complete ban on consensual communications between a parent and his children may be sustained where there exist reasonable alternatives.

Despite this, however, the current circumstances of petitioner's status lead to the conclusion that this matter is moot due to petitioner's release from the USDB. The conditions of his present status are subject not to the Commandant but to the NPCB. While it is possible that petitioner might be returned to the USDB, such return is, at best, speculative. Likewise, it is noteworthy that at the time of petitioner's release, authorities at the USDB had allowed some means for petitioner and his children to communicate. The court has carefully considered the entire record and finds no concrete injury that is susceptible to judicial correction in habeas corpus. Because the court cannot find the requisite exceptional circumstances to allow this matter to proceed, the matter must be dismissed as moot.

IT IS, THEREFORE, BY THE COURT ORDERED respondent's motion to dismiss this matter as moot (Doc. 39) is granted.

IT IS FURTHER ORDERED the motion of Charles W. Gittins (Doc. 41) is denied as moot.

Copies of this Memorandum and Order shall be transmitted to the parties.

**IT IS SO ORDERED**.

DATED:  This 27th day of September, 2012, at Topeka, Kansas.


　　　　　　　　　　　　　　　　S/ Richard D. Rogers
　　　　　　　　　　　　　　　　RICHARD D. ROGERS
　　　　　　　　　　　　　　　　United States District Judge